EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROBERTO COLÓN, acusado y apelante.

Núm. 8839.—*Sometido:* Julio 14, 1941. *Resuelto:* Julio 23, 1941.

*Román Díaz Collazo,* abogado del apelante; *Hon. Procurador General Interino Emilio de Aldrey, Eulogio Riera, Subprocurador Auxiliar y R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Contra Roberto Colón se radicaron en la Corte de Distrito de San Juan, en grado de apelación, diez y seis causas por infracción a la ley de rentas internas. Señaladas las vistas, se suspendieron varias veces, y así las cosas, fundándose el acusado en que había llegado a un acuerdo con el Tesorero de Puerto Rico por virtud del cual se corrigieron las infracciones administrativamente, pidió, con el consentimiento del Tesorero, el sobreseimiento de las causas. Se avino el fiscal y el sobreseimiento fué decretado, previo el pago de las costas.

Como éstas no se satisficieran, la corte ordenó que el acusado fuera requerido de pago. Lo fué y las pagó, según alega, "bajo la más solemne y formal protesta", y entonces se dirigió a la corte pidiendo su devolución.

La corte consideró su petición y por resolución fundada de abril 14, 1941, la declaró sin lugar. Y es contra esa resolución de la corte que se ha interpuesto el presente recurso de apelación.

 Cuando el sobreseimiento fué decretado en marzo. 18, 1941, "previo pago de costas" como reza el récord, nada consta del mismo que objetara el acusado. Fué cuando se le requirió de pago y pagó "bajo protesta" según dice que acudió a la corte solicitando su devolución en marzo 31, 1941..

Aquí no se trata de contribuciones que pueden pagarse bajo protesta para reclamar luego su devolución de acuerdo con las leyes especiales sobre la materia. Aquí se trata de costas en procesos criminales sobreseídos a virtud de resolu- ción que impuso su pago como condición previa al sobresei- miento.

Creemos que desde el momento en que el acusado con pro- testa o sin protesta satisfizo las costas, los casos quedaron terminados. La condición precedente se cumplió y el sobre- seimiento decretado surtió todos sus efectos. De suerte que la devolución reclamada ante la corte de distrito era impro- cedente y más improcedente es aún la apelación entablada ante esta Corte Suprema.

Pero asumiendo que fuera nuestro deber entrar a consi- derar los méritos de la contención del apelante, siempre ten- dríamos que concluir que no le asiste la razón.

Sostiene que su caso se rige por la ley núm. 11 de.marzo 9, 1911, pág. 71, y el artículo 271 del Código de Enjuicia- miento Criminal que prescriben, la primera, que cuando un *fallo condenatorio sea dictado* por cualquier corte contra un acusado en un caso criminal *las costas deberán serle impues- tas* como parte de la sentencia, y el segundo, que *se impon- drán las costas al dictarse sentencia condenatoria,* y como contra él no dictó la corte fallos o sentencias condenatorios,. no tuvo autoridad de ley para imponerle las costas.

Sin embargo, no es la ley que invoca el apelante la apli- cable. Su caso se rige por el artículo 446 del Código de En- juiciamiento Criminal que dice:

"Si la parte perjudicada comparece ante el tribunal al que hayan de serle remitidas las declaraciones en cualquier momento antes de

la celebración del juicio, y reconoce plenamente que ha recibido reparación por el daño causádole, el tribunal puede decretar, discrecionalmente y *previo pago de las costas devengadas,* que se suspendan todos los procedimientos en persecución del delincuente, y que éste quede exonerado de la culpa; pero en tal caso los fundamentos que tenga el tribunal para dictar el auto deben exponerse en éste, e insertarse en el acta del tribunal. Dicho auto imposibilita la instrucción de otro proceso por el mismo delito.'' (Itálicas nuestras.)

Es cierto que el sobreseimiento se decretó en estos casos a instancias del acusado, pero la corte no actuó hasta después de oír la declaración de Francisco Serrano, Jefe Auxiliar del Negociado de Arbitrios del Departamento de Hacienda, exponiendo los hechos demostrativos del arreglo a que se había llegado entre el acusado y la Tesorería, dándose ésta por satisfecha, y el pago de las costas lo impuso de acuerdo con el mandato expreso de la ley.

Y se comprende perfectamente que así sea. La ley autoriza al Tesorero para actuar en la forma en que lo hizo. El acusado, pagando lo que debía, recibió el beneficio de librarse de procesos de naturaleza criminal, pero esos procesos se habían ya iniciado por su culpa cuando la transacción tuvo efecto, habiéndose incurrido en costas cuyo pago corresponde en justicia al acusado, no al Pueblo.

*Bajo cualquier aspecto que el caso se considere, procede, pues, la desestimación del recurso.*